## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| Gracialle De Guzman,<br><br>              Plaintiff,<br><br><br>    – against–<br><br><br><br>Capital One Bank USA, National Association and Experian Information Solutions, Inc<br><br>             Defendant(s). | Civil Action No.<br><br><br><br>**COMPLAINT** |

### COMPLAINT

Plaintiff, Gracialle De Guzman (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Capital One Bank (USA), National Association ("Capital One") and Experian Information Solutions, Inc. ("Experian") alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.  The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Gracialle De Guzman, is an adult citizen of California.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Capital One is a corporation organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information.

5. Defendant Experian is a corporation organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of the state of Delaware.

## FACTUAL ALLEGATIONS

8. Defendant Capital One issued a credit card account ending in 0448 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity,

character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about March 8, 2017, Plaintiff and Capital One entered into a settlement agreement for the above referenced account.

11. Plaintiff, via her debt settlement representative, timely made the requisite settlement payments in compliance with the terms of the aforementioned settlement agreement.

12. On or about September 6, 2018, Capital One issued a 1099-C discharging $1,738.79 for the above referenced account. A redacted copy of the 1099-C is enclosed hereto as Exhibit A.

13. However, nearly a year later, Plaintiff's Capital One account continued to be negatively reported.

14. In particular, on a requested credit report dated March 31, 2019, Plaintiff's Capital One account was reported with a status of "CHARGE OFF", a balance of $2,381.00 and a past due balance of $2,381.00. The relevant portion of Plaintiff's credit report is attached hereto as Exhibit B.

15. This trade line was inaccurately reported. As evidenced by the 1099-C, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16. On or about June 10, 2019, Plaintiff, via her attorney at the time, notified Experian directly of a dispute with completeness and/or accuracy of the

reporting of Plaintiff's Capital One account. A redacted copy of this letter and the certified mail receipts are attached hereto as <u>Exhibit C</u>.

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Capital One to Experian via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In July 2019, Plaintiff requested an updated credit report for review.  The tradeline for Plaintiff's Capital One account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the July 2019 credit report is attached hereto as <u>Exhibit D</u>.

19. Experian did not notify Capital One of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Capital One and Capital One failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

20. If Capital One had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Capital One account would have been updated to reflect a "settled" status with a balance of $0.00.

21. Despite the fact that Capital One has promised through its subscriber agreements or contracts to accurately update accounts, Capital One has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Experian.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. Capital One is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. Capital One is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

30. Capital One failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. Capital One failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

32. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

33. Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of at least $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*